UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CRIMINAL NO. 3:15-CR-254-B (01) |
| NOBLE EZUKANMA, | § | |
| Defendant, | § | |
| v. | § | |
| OBIANUJU EZUKANMA, | § | |
| Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Obianuju Ezukanma's (Ms. Ezukanma) Claim for Exemptions and Request for Hearing (Doc. 379), which Ms. Ezukanma filed in response to the United States's serving of pre-judgment writs of garnishment against entities possessing property of the Ezukanmas (Docs. 342–43). The Court DENIES Ms. Ezukanma's claim.

On March 24, 2017, a jury found Noble Ezukanma guilty of Medicare fraud. Doc. 256, Jury Verdict. And on September 13, 2017, the Court entered judgment against Mr. Ezukanma and ordered him to pay medicare $34,003,151.24 in restitution. Doc. 363, Judgment.

The United States sought and received pre-judgment writs of garnishment against Mr. Ezukanma under 28 U.S.C. §§ 1651, 3101, 3102, and 3104, Doc. 340, Ex Parte App. for Writ of Garnishment; Doc. 341, Order Granting App. for Writ of Garnishment, and served them on entities

thought to possess property owned by the Ezukanmas, Doc. 342, Writ of Garnishment; Doc. 343, Writ of Garnishment; Doc. 344, Writ of Garnishment. Served with the writ documents was a Clerk's Notice of Exemptions, which listed property exempt from garnishment. *Id.* For example, "[w]earing apparel and school books," 26 U.S.C. § 6334(a)(1); "[f]uel, provisions, furniture, and personal effects that do not exceed $9,200," *Id.* § 6334(a)(2), (g); and "[b]ooks and tools of a trade, business, or profession that do not exceed $4,600," *Id.* § 6334(a)(3), (g), are exempt from garnishment. *Id.*

Entities responded, stating they possessed Ezukanma property, including a 401(k) account, a defined benefit pension plan, and an incentive life account. Doc. 373, Answer to Writ of Garnishment; Doc. 380, Answer to Writ of Garnishment.

Subsequently, Ms. Ezukanma filed a claim for exemptions in which she requests a hearing and asserts that the United States is withholding property exempt under the following exemptions: "1, 2, 3." Doc. 379, Claim for Exemption and Request for Hearing. The Clerk's notice of exemptions lists the exempt categories of property enumerated at 26 U.S.C. § 6334(a)(1), (2), and (3) under the "1," "2," and "3," respectively, so the Court assumes Ms. Ezukanma is arguing that property the United States wants to garnish is exempt under 26 U.S.C. § 6334(a)(1), (2), and (3).

When a court orders a criminal defendant to pay restitution, the Government obtains a federal tax lien on the defendant's property until the restitution order expires or is satisfied. 18 U.S.C. § 3613(c). This lien allows the Government to enforce the judgment "against all property or rights to property of the person fined," subject to certain exemptions. *Id.* § 3613(a); *see United States v. Decay*, 620 F.3d 534, 541 (5th Cir. 2010) ("The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes."). For example, the property described by 26 U.S.C. § 6334(a)(1), (2), and (3) is exempt from

garnishment. 18 U.S.C. § 3613(a). The claimant has the burden of establishing that one of the exemptions applies. *See United States v. Gaudet*, 187 F. App'x 410, 412 (5th Cir. 2006) (per curiam) (unpublished).

Here, Ms. Ezukanma has presented no evidence that the United States is attempting to garnish "[w]earing apparel and school books," 26 U.S.C. § 6334(a)(1); "[f]uel, provisions, furniture, and personal effects that do not exceed $9,200," *Id.* § 6334(a)(2), (g); or "[b]ooks and tools of a trade, business or profession that do not exceed $4,600," *Id.* § 6334(a)(3), (g). Ms. Ezukanma has thus failed to establish that an exemption applies. *See United States v. Urso*, No. 3:08-CV-1230-L, 2009 WL 2999521, at *6 (N.D. Tex. Sept. 18, 2009) (denying claim based on same exemptions because it was clear that the United States had not garnished exempt property.)

Accordingly, the Court **DENIES** Ms. Ezukanma's Claim for Exemptions and Request for Hearing.

**SO ORDERED.**

**SIGNED: November 15, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE