UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0254-B-1 |
| | § | |
| NOBLE EZUKANMA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Noble Ezukanma's Motion for Compassionate Release Pursuant [to] Title 18 U.S.C. § 3582(c)(1)(A) (Doc. 528). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On September 13, 2017, the Court sentenced Ezukanma to 200 months of imprisonment and a three-year term of supervised release after a jury found him guilty of one count of conspiracy to commit healthcare fraud and six counts of healthcare fraud. Doc. 363, J., 3–4; Doc. 256, Jury Verdict, 1; Doc. 203, Superseding Indictment, 6–13. Ezukanma is currently sixty-two years old and is confined at Texarkana Federal Correctional Institution (FCI) with a statutory release date of June 4, 2031.[1] As of February 2, 2021, Texarkana FCI has eight active cases of COVID-19 among its

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed February 2, 2021).

inmates and eighteen among its staff, as well as 680 recovered cases.[2] Ezukanma filed a motion for compassionate release (Doc. 512) on July 8, 2020. Although the Court found that Ezukanma satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), the Court denied the motion after finding that Ezukanma failed to demonstrate extraordinary and compelling reasons for a sentence reduction. Doc. 513, Mem. Op. & Order, 3, 12–14.

Ezukanma filed a second motion for compassionate release (Doc. 528)—the present motion—on December 15, 2020. Because the Court finds that Ezukanma failed to exhaust his administrative remedies prior to filing his second motion, Ezukanma fails to demonstrate extraordinary and compelling reasons for a sentence reduction, and the 18 U.S.C. § 3553(a) factors weigh against his release, Ezukanma's motion is **DENIED WITHOUT PREJUDICE**. The Court explains its reasoning below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements

---

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/ (last accessed February 2, 2021).

issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Ezukanma's request for compassionate release fails because he has not satisfied the exhaustion requirement, he has not shown extraordinary and compelling circumstances warranting release, and the § 3553(a) factors weigh against his release.

A.  *Ezukanma Has Not Satisfied § 3582's Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Ezukanma has not complied with this requirement. In his motion, Ezukanma does not mention any new request to the warden, nor does he attach proof of such a request. *See generally* Doc. 528, Def.'s Mot. Instead, Ezukanma relies on the Court's finding that he exhausted his administrative remedies prior to filing his first motion for compassionate release. *Id.* at 2. However, Ezukanma was required to exhaust his administrative remedies prior to submitting the present motion as well.

"Proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

first opportunity to assess the merits of a defendant's request." *United States v. Moser*, 2020 WL 7695998, at *2 (N.D. Tex. Dec. 24, 2020) (citing *United States v. Knox*, 2020 WL 4432852, at *1 (N.D. Tex. July 31, 2020)). By denying Ezukanma's first motion for compassionate release without prejudice, the Court permitted Ezukanma to file a subsequent motion if his circumstances changed such that he can demonstrate extraordinary and compelling reasons for compassionate release. Doc. 513, Mem. Op. & Order, 15. And, indeed, Ezukanma states in his new motion that changed circumstances give rise to extraordinary and compelling reasons for his release. Doc. 528, Def.'s Mot., 1–2.

Assuming that Ezukanma is correct and circumstances have changed, the BOP must have the first opportunity to assess the new circumstances and determine whether compassionate release is warranted. *See Moser*, 2020 WL 7695998, at *2. Once the BOP has thirty days to review the merits of the new request for compassionate release, Ezukanma can file a motion for compassionate release in this Court, alleging the same change in circumstances. *See id.*

But because the BOP has not had the opportunity to review Ezukanma's new request for compassionate release, Ezukanma has not exhausted his administrative remedies. Thus, his compassionate-release motion fails. *See United States v. Franco*, 973 F.3d 465, 469 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and that defendants seeking compassionate release "must first file a request with the BOP"). Accordingly, the Court **DENIES** Ezukanma's motion **WITHOUT PREJUDICE**.

B.   *Ezukanma Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Regardless of whether Ezukanma has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See*

§ 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Ezukanma relies partially on the same grounds he asserted in his first motion for compassionate release—his medical conditions. Doc. 512. Def.'s Mot., 20–22; Doc. 528, Def.'s Mot., 2–3. Ezukanma again claims that his heart disease, kidney disease, and hyperlipidemia warrant compassionate release. Doc. 528, Def.'s Mot., 2–3. While the Court does not discount that Ezukanma's medical conditions may place him at a heightened risk of developing a

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive . . . ." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

severe illness if he contracts COVID-19, the Court finds, as it did in its order denying Ezukanma's first motion for compassionate release, that these conditions do not constitute extraordinary and compelling reasons justifying compassionate release. *See* Doc. 513, Mem. Op. & Order, 12–13.

The Court previously noted that the warden at Texarkana FCI described Ezukanma's medical status as "stable" and that he stated that Texarkana FCI "can adequately manage [Ezukanma's] medical needs." *Id.* at 14 (citation omitted). Accordingly, the Court found that Ezukanma's medical conditions did not constitute extraordinary and compelling circumstances warranting compassionate release. *Id.* In his new motion, Ezukanma describes the warden's statement as "baseless and disingenuous." Doc. 528, Def.'s Mot., 3. However, Ezukanma provides no evidence to show that his medical status is unstable or that Texarkana FCI is incapable of managing his medical needs. *See generally id.* Thus, the Court again finds that Ezukanma's medical conditions do not constitute extraordinary and compelling circumstances warranting compassionate release. *See Knox*, 2020 WL 4432852, at *3 (declining to find extraordinary and compelling circumstances where symptoms were not "life-threatening" and adequate treatment was available).

Ezukanma also claims that the spread of COVID-19 within Texarkana FCI constitutes a new circumstances warranting compassionate release. Doc. 528, Def.'s Mot., 4. Ezukanma claims that at the time he filed his second motion, Texarkana FCI reported over 200 active cases of COVID-19 among its inmates and staff. *See id.* Indeed, this appears to be a substantial increase from the five active cases reported at the time the Court issued its order denying Ezukanma's first compassionate-

release motion.[6] *See* Doc. 513, Mem. Op. & Order, 2.

However, Ezukanma's generalized concerns about the spread of the COVID-19 virus within his facility do not constitute extraordinary and compelling reasons for his release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Texarkana FCI. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020). Instead, the Court considers this circumstance as it specifically concerns Ezukanma. As previously discussed, Ezukanma has not shown that he is physically unstable or that Texarkana FCI is unable to provide adequate care. Therefore, the Court does not find that the mere presence of COVID-19 at Texarkana FCI constitutes an extraordinary and compelling reason for compassionate release. Ezukanma fails to demonstrate extraordinary and compelling reasons for release, and the Court thus **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**.

C.      *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Ezukanma had exhausted his administrative remedies and demonstrated extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. § 3582(c)(1)(A). And the Court is not persuaded that these factors support Ezukanma's request. Ezukanma was convicted of one count of conspiracy to commit healthcare fraud and six counts of healthcare fraud. Doc. 363, J., 3–4; Doc.

---

[6] Although Texarkana FCI currently reports twenty-six active cases, *see supra* Section I, the Court recognizes that this number may again increase. Thus, the Court addresses Ezukanma's argument under the assumption that his reported numbers are current.

256, Jury Verdict, 1.

Section 3553(a) requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). In Ezukanma's case, the Court found a total term of 200 months of imprisonment appropriate to serve these goals. *See* Doc. 363, J., 2. With a statutory release date of June 4, 2031, approximately 124 months—or sixty-two percent—of Ezukanma's sentence remains to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also United States v. Thompson*, 984 F.3d 431, 2021 WL 37493, at *3 (5th Cir. 2021) (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Ezukanma's release. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Ezukanma's request for compassionate release fails because he has not exhausted his administrative remedies, he has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against his release. For those reasons, the Court **DENIES** Ezukanma's motion (Doc. 528) **WITHOUT PREJUDICE**.

By denying Ezukanma's motion without prejudice, the Court permits Ezukanma to file a subsequent motion for compassionate release in the event he satisfies the exhaustion requirement, demonstrates a change in circumstances rising to the level of extraordinary and compelling, and shows that the § 3553(a) factors support his release.

SO ORDERED.

SIGNED: February 4, 2021

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE